Reed, J.,
delivered the opinion of the court.
In regard to the first supposed error, sec. 176 of the Civil Code is as follows : “ When a cause is regularly reached upon the calendar, either party may bring the issue to a trial or to a hearing, and in the absence of the adverse party, unless the court for good cause otherwise direct, the party appearing may proceed with his ease and take a finding, verdict, or judgment, or dismissal of the action, as the'case may require.”
The cause having been set and reached for trial the plaintiff could legally insist upon a trial in the absence of the defendant. Neither defendant nor counsel appeared. The only showing was a letter, in no way verified, received by the judge, stating the sudden illness of the defendant, .and no showing for the absence of counsel.
The court had power to continue ,the trial for “ good cause,” but the “ good cause ” must be legally established, properly authenticated. It was the duty of the court to decide upon the cause shown, as to its sufficiency, and also whether it was legally established as a fact.
In the absence of the counsel and all legal showing, it was not an abuse of discretion to disregard the letter when that was all there was upon which the court was called to act.
In regard to instructions, the following subdivisions of sec. 187, Civil Code, need be considered: “When the evidence is concluded, and either party desires special instructions to be given to the jury, such instruction shall be reduced to writing, numbered and signed by the party or his attorney asking the same, and delivered to the court.
“ Before the argument is begun, the court shall give such instructions upon the law to the jury as may be necessary, which instructions shall be in wilting and signed by the judge.”
It is said: “ The court shall give such instructions upon the law to the jury as may be necessary.” We can find no question of law raised, making any instructions necessary; *295 the only question for the jury was one of fact as to the. amount due; no special instructions were asked by either party. Defendant cannot complain that the plaintiff failed to present and ask special instructions; and he did not participate in the proceeding, raised no question of law, nor tendered any instructions.
The statute, as claimed by the plaintiff in error, is no doubt mandatory as to the course to be pursued in regard to in-instructions presented, but it could hardly be considered mandatory to the extent of making it obligatory upon the court to instruct as to the law of the case, when no instructions were asked and no question of the.law involved.
It is urged in argument that more than half of the aggregate amount being for interest, and the right to exact interest being a statutory right, questions of law were directly presented as to the computation. In answer, it is only necessary to say that no question of law was raised. Had there been defense, questions of law might have been raised, requiring instructions from the court, but as none were raised, the presumption of legality and regularity in the computation must prevail.
It is ably urged that the evidence was not sufficient to warrant the finding. It is true the evidence as to the amount due was general, giving results, balances and aggregates, but it will be observed that an itemized bill, or bill of particulars, was also filed, and a copy furnished the defendant previous to the trial, showing the different items going to make up the aggregate, including the items of interest. If such showing or any of the items had been wrong, defendant had ample opportunity to contest them, and unless attacked or contested the general evidence in regard to the correctness was sufficient to make a prima facie ease.
As to the issues made by the pleadings in regard to the mining company claim and the wagon road claim, they were clearly sustained by plaintiff’s evidence.
It is claimed in the argument that the raining company matter was a promise to pay the debt of another, and, not *296 •having been made in writing, void under the statute of frauds. The statute was not pleaded, which, alone, is sufficient answer, but there is another equally conclusive. It appears that the defendant collected the amount in money from his company, and instead of paying it over retained it; lienee, it was so much money received by him to the use of the plaintiffs. I am not aware that it ever before has been contended that the statute of frauds applied under such circumstances ; having received and retained the money, it became his own debt, not that of another.
Had proper defense been made, it is possible the amount might have been reduced, but no serious errors warranting a reversal are found.
The judgment of the district court will be affirmed.

Affirmed.